IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SECURE MATRIX LLC,<br><br>Plaintiff,<br><br>v.<br><br>SANTIKOS REAL ESTATE SERVICES, LLC,<br><br>Defendant. | Civil Action No: 7:25-cv-00120-DC-DTG<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Secure Matrix LLC ("Plaintiff" or "Counterclaim Defendant") hereby answers Defendant Santikos Theaters, LLC ("Defendant" or "Counterclaim Plaintiff")), incorrectly named Santikos Real Estate Services, LLC Counterclaims as follows:

**PARTIES**

1.  Counterclaim Plaintiff is a limited liability company organized and existing under the laws of Texas with an established place of business at 4630 N Loop 1604 W Ste 501, San Antonio, Texas, 78249.

ANSWER: Admitted.

2.  Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Secure Matrix, is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003, New York, NY 10001.

ANSWER: Admitted.

1

## JURISDICTION

3.  Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

ANSWER:  Counterclaim Defendant incorporates by reference its responses to Paragraphs 1–2 above.

4.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

ANSWER:  Admitted.

5.  Secure Matrix has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

ANSWER:  Admitted.

6.  Based solely on Secure Matrix's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

ANSWER:  Admitted.

## COUNT I
### DECLARATION REGARDING NON-INFRINGEMENT

7.  Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

ANSWER:  Counterclaim Defendant incorporates by reference its responses to Paragraphs 1–6 above.

8.  Based on Secure Matrix's filing of this action and at least Counterclaim Plaintiff's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiff infringes the '116 Patent.

ANSWER:  Admitted.

9. Counterclaim Plaintiff does not infringe the claims of the '116 Patent because, *inter alia*, the accused system does not "receive a first signal from the computer providing the secured capability, the first signal comprising a reusable identifier corresponding to the secured capability, the reusable identifier assigned for use by the secured capability for a finite period of time," "receive a second signal from an electronic device being used by the user, the second signal comprising a copy of the reusable identifier and user verification information," and/or "evaluate, based at least on the first signal and the second signal, whether the user is authorized to conduct the at least one interaction with the secured capability" as required by asserted claim 1.

ANSWER:  Denied.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the '116 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

ANSWER:  Admitted that Counterclaim Plaintiff requests a declaration, the rest is denied.

### COUNT II DECLARATION REGARDING INVALIDITY

11. Counterclaim Plaintiff incorporates by reference Paragraphs 1–10 above.

ANSWER:  Counterclaim Defendant incorporates by reference its responses to Paragraphs 1-10 above.

12.    Based on Secure Matrix's filing of this action and at least Counterclaim Plaintiff's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '116 Patent.

ANSWER:  Admitted.

13.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that the claims of the '116 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

ANSWER: Admitted that Counterclaim Plaintiff requests a declaration, the rest is denied.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Secure Matrix by granting the following relief:

a)    a declaration that the claims of the '116 Patent are invalid;

b)    a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the '116 Patent that may be enforceable;

c)    a declaration that Secure Matrix take nothing by its Complaint;

d)    judgment against Secure Matrix and in favor of Counterclaim Plaintiff;

e)    dismissal of the Complaint with prejudice;

f)    a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

g)    further relief as the Court may deem just and proper.

ANSWER:  Denied.

**JURY DEMAND**

Counterclaim Plaintiff hereby demands trial by jury on all issues.

ANSWER:  No answer is required.

Dated: May 27, 2025                                    Respectfully submitted,

*Isaac Rabicoff*
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff
Secure Matrix LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on May 27, 2025, with a copy of this document via the Court's CM/ECF system

                                                  /s/ *Isaac Rabicoff*
                                                  Isaac Rabicoff