IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDAND/ODESSA DIVISION

| | |
|---|---|
| **Secure Matrix LLC**, <br><br>         Plaintiff, <br><br> vs. <br><br> **Santikos Real Estate Services, LLC,** <br><br>         Defendant. | **Civil Action No. 7:25-cv-00120-DC-DTG** <br><br> **Jury Trial Demanded** |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Pursuant to the Court's Order dated April 15, 2025 (Dkt. 12), Federal Rule of Civil Procedure 26(f), and Local Rule CV-16, Plaintiff Secure Matrix LLC ("Plaintiff") and Defendant Santikos Real Estate Services, LLC ("Defendant") hereby submit the following joint report.

***Questions in April 15 Order (Dkt. 12):*** The Parties provide the following responses to the questions from the Court's April 15 Order.

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no outstanding jurisdictional issues.

2. **Are there any unserved parties? if more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

3. **What are the causes of action, defenses, and counterclaims pled?**

Plaintiff's complaint pleads one cause of action for patent infringement, asserting the infringement of one or more claims of United States Patent No. 8,677,116 ("the '116 patent"). Defendant filed Motion to Dismiss Original Complaint (Dkt. 9) and filed Answer and Counterclaim to the Original Complaint (Dkt. 10). Plaintiff filed First Amended Complaint (Dkt. 14). Defendant moved to dismiss Plaintiff's First Amended Complaint (Dkt. 15) and answered First Amended Complaint (Dkt. 16). Plaintiff responded to Motion to Dismiss First Amended Complaint (Dkt. 24). Defendant replied to Motion to Dismiss First Amended Complaint (Dkt. 25).

**Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

1

Given the early stage of the case, the parties have not yet stipulated to any facts, but the parties will negotiate in good faith to determine if any factual issues may be resolved and/or stipulated to streamline the case.

**4. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

(A)  The parties agree to exchange initial disclosures as called for by Rule 26(a) on the date specified in the accompanying proposed schedule.

(B)  The parties are meeting and conferring in an effort to jointly draft and submit to the Court a proposed stipulated order governing the discovery and preservation of electronically stored information (ESI).

(C)  The parties are meeting and conferring in an effort to jointly draft and submit to the Court a proposed stipulated protective order, which will address certain privilege issues, including those referenced by Federal Rule of Evidence 502.

(D)  The parties agree that each side may take no more than the following discovery:  30 Requests for Admission (exclusive of authenticity RFAs, which the parties will attempt to resolve through a stipulation of authenticity as to certain documents); 20 Interrogatories; 25 Requests for Production; 20 hours of fact deposition (for both party and non-party witnesses); 7 hours of expert deposition for each subject opined on in an expert report (*e.g.*, 7 hours to depose an expert who submitted a report on damages, 14 hours to depose an expert who submitted both a report on infringement and a report on invalidity).

**5. What, if any, discovery has been completed? What discovery remains to be done?  Have the parties considered conducting discovery in phases?**

No discovery has been completed.  The parties agree that, in this case, no phasing of discovery makes sense beyond completing fact discovery before expert discovery.

The parties intend to submit a proposed stipulated protective order with procedures for producing source code and other highly confidential information.

**6.    What, if any, discovery disputes exist?**

None at this time.

**7.    Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties are meeting and conferring in an effort to jointly draft and submit to the Court a proposed stipulated protective order, which will address certain privilege issues, including those referenced by Federal Rule of Evidence 502.

**8.    Have the parties discussed mediation?**

No. The parties have discussed the possibilities for promptly settling or resolving this case as required by Rule 26(f)(2).

**9.    Are there any pending motions, and if so, does either party desire a hearing?**

There is one pending motion before this Court. Defendant's Motion to Dismiss First Amended Complaint has been fully briefed.

Appendix N: The Parties provide the following responses to the remaining default standard questions from Appendix N not addressed above.

**Appendix N, Question 5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

There are currently no legal issues in this case that can be narrowed by agreement.

**Appendix N, Question 14. Are there any other scheduling or discovery items requiring the court's attention?**

There are currently no other scheduling or discovery items requiring the Court's attention.

DATED:  June 13, 2025

<u>/s/ Isaac Rabicoff</u>
isaac@rabilaw.com
Rabicoff Law LLC
4311 N Ravenswood Ave
Suite 315
Chicago, Illinois 60613
(773) 669-4590

*Counsel for Plaintiff*
*Secure Matrix LLC*


<u>*/s/ Lance E. Wyatt*</u>
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Lance E. Wyatt
Texas Bar No. 24093397
wyatt@fr.com

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

*Counsel for Defendant Santikos Real*
*Estate Services, LLC,*

4

5

**CERTIFICATE OF SERVICE**

    Under Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 13, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

Date:  June 13, 2025                                              s/ Isaac Rabicoff
                                                                                      Isaac Rabicoff